## McKennan's Appeal.

27       237
34 SC ¹119

The application by an executor of the funds of the testator to the payment of his own debts is mismanagement, and the parties interested may demand security under the Act of 29th March, 1832.

The solvency of the executor is no answer to an act of mismanagement.

APPEAL from the Orphans' Court of *Indiana county.*

James McKennan, by his will proved in 1845, appointed John H. Shryock, Leonard Shryock, and James A. McCahan his executors. The Messrs. Shryock alone discharged the duties of executors until 1855, when they were discharged on their petition after settling an account. James A. McCahan then assumed the duties of executor, and used the funds of the estate for the payment of his own debts. The appellant, Julia Ann McKennan, who is the widow of the testator, and entitled under the will to the annual interest of $10,000, petitioned the Orphans' Court for a citation to the executor to require him to give security or in default thereof to be discharged from his office. On the hearing of the cause, it was shown that McCahan was indebted to Alexander White on his own account in a sum of money exceeding $2000; at the same time Judge White was indebted to the estate of McKennan in a larger amount, and McCahan paid his debt to Alexander White by a draft on Judge White for the amount, and the latter was thereupon discharged from his liability to the estate as appeared by testimony and the account filed of the executor.

The executor relied on the fact, that he was the owner of property much greater in value than the amount thus wasted or misapplied. The court refused to require him to give security, and hence this appeal.

*Blair* and *Todd,* for appellant.

*Stewart,* for appellee.

The opinion of the court was delivered by

LEWIS, C. J.—The executor has applied over two thousand dollars of the assets to the payment of his own liability. This is such a mismanagement of the estate as entitles the parties interested to demand security under the Act of 29th March, 1832: see 2 *Williams on Executors* 800, 801, 1529; 5 *Randolph's Rep.* 195. The solvency of an executor is no answer to an act of mismanagement. There is no hardship in requiring security, wherever, under the circumstances disclosed, the court have the power

to do so. If the executor be unwilling to give it, he can resign the trust.

> The decree of the Orphans' Court is reversed, and the record remitted, with directions to require security according to law.